FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 12, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE LEE H.,[1]<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | NO: 1:21-CV-3019-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 12, 15. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Erin F. Highland. The Court, having reviewed the administrative record and the parties' briefing, is fully

---

[1] Plaintiff's last initial is used to protect her privacy.

ORDER - 1

informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 12, is granted and Defendant's Motion, ECF No. 15, is denied.

## JURISDICTION

Plaintiff Michelle Lee H. (Plaintiff), filed for supplemental security income (SSI) on October 24, 2018,[2] and alleged an onset date of July 27, 2017.[3] Tr. 371-76. Benefits were denied initially, Tr. 294-302, and upon reconsideration, Tr. 306-12. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on May 21, 2020. Tr. 147-74. On July 10, 2020, the ALJ issued an unfavorable decision, Tr. 12-32, and on December 16, 2020, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

---

[2] Under Title XVI, benefits are not payable before the date of application. 20 C.F.R. §§ 416.305, 416.330(a); S.S.R. 83-20.

[3] Plaintiff filed a previous application for benefits which was denied by an ALJ on July 1, 2017. Tr. 202-27. Plaintiff did not appeal and the decision is final and binding. Tr. 20.

ORDER - 2

Plaintiff was 46 years old at the time of the hearing. Tr. 170. She has a high school education and work experience as a weight loss consultant. Tr. 169.

Plaintiff testified that she has a herniated disc in her neck. Tr. 154. Her lower back hurts if she sits too long. Tr. 162. Her hip always hurts and gets worse if she does too much activity. Tr. 161. She has COPD, asthma, and pleurisy. Tr. 155. She has issues with her joints and may have an autoimmune disease because she has inflammation. Tr. 155, 163. She has carpal tunnel syndrome. Tr. 161. She testified that she had been in recovery for two years at the time of the hearing. Tr. 156. She has problems with her memory and cannot concentrate very well. Tr. 161-62. She has ADHD and bipolar disorder. Tr. 165-66. She testified that she is depressed and has anxiety. Tr. 168. She cannot control her emotions. Tr. 168. She cannot work because of her physical pain and because she cannot get along with people and communicate. Tr. 160, 165.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a

ORDER - 3

mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

ORDER - 4

U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated

ORDER - 5

impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of

ORDER - 6

adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

A finding of "disabled" does not automatically qualify a claimant for disability benefits. *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001.) When there is medical evidence of drug or alcohol addiction, the ALJ must determine whether the drug or alcohol addiction is a material factor contributing to the disability. 20 C.F.R. § 416.935(a). It is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007).

If drug or alcohol addiction is a material factor contributing to the disability, the ALJ must evaluate which of the current physical and mental limitations would remain if the claimant stopped using drugs or alcohol, then determine whether any or all of the remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2).

ORDER - 7

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since July 27, 2017, the application date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, chronic obstructive pulmonary disease (COPD), obesity, bipolar disorder, attention deficit hyperactivity disorder (ADHD), personality disorder, posttraumatic stress disorder (PTSD), and polysubstance use and addiction disorder. Tr. 17. At step three, the ALJ found that with the effects of substance use, Plaintiff has impairments that meets or medically equals the severity of a listed impairments. Tr. 18. Without the effects of substance use, Plaintiff would not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18.

The ALJ then found that, without the effects of substance use, Plaintiff would have the residual functional capacity to perform light work with the following additional limitations:

> She could occasionally perform postural movements except for no climbing of ladders, ropes, and scaffolds; she must avoid concentrated exposure to vibration and respiratory irritants; she could frequently reach in all directions; she could frequently handle and finger; and she could perform simple, routine tasks with in [sic] superficial cooperation with coworkers.

Tr. 19.

At step four, the ALJ found that Plaintiff is unable to perform past relevant work. Tr. 25. At step five, after considering the testimony of a vocational expert

ORDER - 8

and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that, without the effects of substance abuse, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform such as marker, laundry folder, and mail sorter. Tr. 26. Thus, the ALJ concluded that Plaintiff's substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled without the effects of substance use. Tr. 27. Because the substance use disorder is a contributing factor material to the determination of disability, the ALJ found Plaintiff has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 12. Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered the medical opinion evidence;
2. Whether the ALJ's finding that substance use is material to a finding of disability was properly supported; and
3. Whether the ALJ properly considered Plaintiff's symptom testimony.

ECF No. 12 at 2.

ORDER - 9

1 **DISCUSSION**

2 **A.    Opinion Evidence**

3 Plaintiff contends the ALJ improperly considered the opinions of Win Wai, M.D., and Steven Olmer, Ph.D. ECF No. 12 at 13-18.

For claims filed on or after March 27, 2017, the regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 416.920c.[4] Instead, an ALJ must consider and evaluate the persuasiveness of all

---

[4] Plaintiff argues the "specific and legitimate" standard continues to apply despite the new regulations; Defendant argues to the contrary. ECF No. 12 at 11-13; ECF No. 15 at 9-11. A recent Ninth Circuit decision settles the matter: "While we agree with the government that the 'specific and legitimate' standard is clearly irreconcilable with the 2017 regulations, the extent of the claimant's relationship with the medical provider - what we will refer to as 'relationship factors' - remains relevant under the new regulations." *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022). The court goes on to note the regulations provide, "We *may, but are not required to*, explain how we considered the [relationship] factors … when we articulate how we consider medical opinions . . . in your case record." *Id.* at 791-92 (quoting 20 C.F.R. § 404.1520c(b)(2) (emphasis added)).

ORDER - 10

medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. § 416.920c(b)(2); *see* 20 C.F.R. § 416.920c(c)(1)-(5).

   1. *Win Wai, M.D.*

Dr. Wai completed a "Medical Report" form in April 2020 and listed diagnoses of chronic pain of right hip, bilateral shoulder, neck, and wrists, and bipolar disorder with anxiety. Tr. 1578-79. He indicated that Plaintiff has to lie down during the day due to difficulty sleeping at night because of anxiety and pain. Tr. 1578. He opined that work on a regular and continuing basis would cause Plaintiff's condition to deteriorate because she "struggles to sustain tasks and directions due to anxiety." Tr. 1578. He noted an inability to cope with chronic pain worsens her anxiety over her physical health, which is overwhelming and causes her to be unable to perform a job. Tr. 1579. Dr. Wai opined that Plaintiff would miss four or more days of work per month. Tr. 1579.

The ALJ found Dr. Wai's opinion unpersuasive. First, the ALJ found Dr. Wai did not submit any treatment note from April 2020 to support his opinion. Tr. 22. The ALJ also found that Dr. Wai indicated he treated Plaintiff "between

ORDER - 11

September 2019 and April 2020, but the record does not even contain historical treatment notes prior to April 2020." Tr. 22. The ALJ is correct that there is no treatment note from Dr. Wai for April 2020 in the record. However, the ALJ overlooked office visit records from September 16, 2019 (Tr. 1321-29) and November 14, 2019 (Tr. 1290-99). The ALJ's finding relates to the supportability of the opinion but it is not supported by substantial evidence due to the ALJ's error in considering the record.

Second, the ALJ found that Dr. Wai is a family physician and not a mental health specialist. Tr. 22. The ALJ concluded Dr. Wai's statement about work attendance is less persuasive because it is based more on Plaintiff's anxiety than her physical impairments. Tr. 22. It is well established that primary care physicians identify and treat the majority of Americans' psychiatric disorders. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). A duly licensed physician can practice and render psychiatric services, including prescription of psychotropic medication and conducting psychotherapy. *Id.* Thus, this is not a reasonable basis for finding Dr. Wai's opinion unsupported or less persuasive.

Third, the ALJ found Dr. Wai's "role in her treatment remains unclear." Tr. 22. The ALJ mistakenly found that her primary mental health provider, Dr. Olmer, declined to perform a functional evaluation "due to her obtaining medication from another source." Tr. 22 (citing Tr. 1572). In fact, Plaintiff told Dr. Olmer, "she would not take medication from someone she had never met in person." Tr. 1572.

ORDER - 12

Dr. Olmer declined to complete another evaluation because she had been to another provider for treatment "and no formal assessment of her functioning has been done at this clinic since her DSHS evaluation which was too long ago." Tr. 1572. The ALJ found it "concerning" that Dr. Wai was "not her primary care provider." Tr. 22. The implication of this statement is unclear and the error in reading Dr. Olmer's record seems to have impacted the ALJ's evaluation of Dr. Wai's opinion. Thus, the finding was made in error.

Fourth, the ALJ found Dr. Wai considered conditions that were not medically determinable, and that the record does not document the level of pain he indicated. Tr. 22. The ALJ concluded that Dr. Wai's statement that Plaintiff would miss work was based heavily on her subjective self-reports. Tr. 22. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Because the medical opinions must be reconsidered by the ALJ, and because the ALJ's consideration of Plaintiff's statements is based in part on the ALJ's assessment of those opinions, this finding must also be reconsidered.

On remand, the ALJ should reconsider Dr. Wai's opinion based on the evidence in the record. The ALJ should also explain how supportability and consistency of the opinion were considered in evaluating the persuasiveness of the opinion as required by 20 C.F.R. § 416.920c(b)(2).

2. *Steven Olmer, Ph.D.*

ORDER - 13

Dr. Olmer completed a DSHS Psychological/Psychiatric Evaluation form in September 2018. Tr. 1581-91. He listed diagnoses of PTSD, major depressive disorder, borderline personality disorder, opioid use disorder in early remission, and alcohol use disorder in early remission. Tr. 1583. Dr. Olmer assessed marked limitations in four functional areas: the ability to adapt to changes in a work setting; the ability to ask simple questions or request assistance; the ability to maintain appropriate behavior in a work setting; and in the ability to communicate and perform effectively in a work setting. Tr. 1583.

The ALJ found Dr. Olmer's opinion unpersuasive. Tr. 24. First, the ALJ found that his evaluation was not reliable because of Plaintiff's ongoing alcohol abuse. Tr. 24. The ALJ indicated that Dr. Olmer "specifically listed her substance use disorder as a reason that precluded her ability to work." Tr. 23 (citing Tr. 1583). However, the ALJ seems to have misread Dr. Olmer's report as the page cited by the ALJ, Exhibit C20F/4 (Tr. 1583), is the checkbox assessment of limitations. Opioid and alcohol use disorders in early remission are listed as symptoms affecting Plaintiff's ability to work, along with every other disorder diagnosed by Dr. Olmer. Tr. 1582. Regarding use of substances, Dr. Olmer stated, "[s]ince age 29, repeated unsuccessful attempts to decrease or quit use, tolerance, withdrawal symptoms, excess time pursuing or recovering, using despite knowledge of negative impact on life, legal complications as a result." Tr. 1583. Furthermore, when asked whether the effects on basic work activities are primarily the result of a substance use

ORDER - 14

disorder, Dr. Olmer marked "no" and indicated that the effects would persist after 60 days of sobriety. Tr. 1584. The ALJ's finding is based on a misreading of Dr. Olmer's opinion and is not supported by substantial evidence.

Second, the ALJ found it notable that Dr. Olmer "declined the request to complete another evaluation." Tr. 24. As discussed *supra*, the ALJ misstated the record by finding that Dr. Olmer did not complete another assessment because "she apparently took medication that she obtained from another provider." Tr. 24. Plaintiff actually told Dr. Olmer that she would not take medication from a provider she did not meet in person. Tr. 1572. This finding is not supported by substantial evidence.

Since both of the ALJ's reasons for finding Dr. Olmer's opinion unpersuasive are based on errors in reading the record, the matter must be remanded to properly assess the opinion. On remand, the ALJ should reconsider the opinion based on an accurate reading of the record. The ALJ should also explain how supportability and consistency of the opinion were considered in evaluating the persuasiveness of the opinion as required by 20 C.F.R. § 416.920c(b)(2).

**B.    Impact of Substance Use and Duty to Develop the Record**

Plaintiff argues the ALJ should have developed the record with regard to her mental functioning without substance use. ECF No. 12 at 19-20. In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by

ORDER - 15

counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). The regulations provide that the ALJ may attempt to obtain additional evidence to resolve an inconsistency in the evidence, when the evidence is insufficient to make a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 416.920b(2). Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998).

The ALJ indicated that Dr. Olmer's opinion was only considered with respect to finding number three, which is that Plaintiff meet the requirements of several listings with the effects of substance use. Tr. 18, 24. The ALJ found that Plaintiff "drank alcohol at least through October 2018," Tr. 23, a month after Dr. Olmer's opinion. The ALJ stated, "[a] subsequent evaluation, at a time when she stopped all substance use, may have been more persuasive in determining Finding of Fact no. 6 [the RFC finding without the effects of substance use]." Tr. 24. Plaintiff observes she requested another evaluation from Dr. Olmer, but as noted *supra*, he declined to provide one. ECF No. 12 at 20; Tr. 1572.

Although the ALJ did not find the record inadequate to evaluate Plaintiff's functioning without substance abuse, once the ALJ rejected both Dr. Wai's and Dr.

ORDER - 16

Olmer's opinions, the evidence of functional limitations without substance abuse was limited. The reviewing psychologists, Dr. Lewis and Dr. Comrie, provided opinions based on their reviews of the record in February 2019 and May 2019, respectively, but the ALJ noted their assessed limitations did not fully reflect the limitations contained in the 2017 decision. Tr. 24, 246-49, 267-69. While the ALJ did not view this as a material problem, in light of the other errors in reviewing the opinion evidence, the court concludes that on remand, the ALJ should develop the record by obtaining a psychological or psychiatric evaluation or the testimony of a medical expert to address Plaintiff's functional limitations without substance use and should further develop the record as is otherwise necessary.

C.   **Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting her symptom testimony. ECF No. 12 at 4-10. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

ORDER - 17

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and her conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical

ORDER - 18

evidence and other evidence in the record for the reasons I explain in this decision." Tr. 20. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, because the case is remanded for the ALJ to readdress the medical opinions, a new assessment of Plaintiff's subjective symptom statements is also necessary.

## REMEDY

Plaintiff requests remand for an immediate award of benefits. ECF No. 12 at 21. The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.

ORDER - 19

*See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000). Here, disability is not clearly established, and the record must be developed further. Thus, remand is the appropriate remedy.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, ECF No. 12, is GRANTED.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is DENIED.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** July 12, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 20